UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

                                    Case No. 19-cv-845-pp

ESTATE OF ELZIE COCKERHAM,
ESTATE OF DAISY COCKERHAM,
and JEROME COCKERHAM,

        Defendants.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 15) AND DISMISSING CASE**

On June 6, 2019, the plaintiff filed suit against the defendants under 28 U.S.C. §1345, seeking to foreclose on a reverse mortgage between the decedents and the United States Department of Housing and Urban Development. Dkt. No. 1. The plaintiff asked for entry of default on November 7, 2019, supported by the declaration of Assistant United States Attorney Carter B. Stewart. Dkt. Nos. 11, 12. The Clerk of Court entered default the same day. On November 11, 2019, the plaintiff filed a motion for default judgment under Rule 55 of the Federal Rules of Civil Procedure. Dkt. No. 15. The court will grant that motion.

**I.    Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before a court may enter a default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means

1

that the court must assure itself that the defendant was aware of the suit and still did not respond.

Service is proper under Fed. R. Civ. P. 4(e) when made upon "an agent authorized by appointment or law to receive service of process," Fed. R. Civ. P. 4(e)(2)(C), or made "at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there," Fed. R. Civ. P. 4(e)(2)(B).

> Before the district court may default a defendant, the plaintiff must prove service. *See* FED. R. CIV. P. 4(l); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (noting plaintiff has burden of showing proper service of process); *United States v. Kramer*, 225 F.3d 847, 857 (7th Cir. 2000) (observing that default judgment rendered without persona jurisdiction is void).

Golub v. United States, 593 F. App'x. 546, 548-49 (7th Cir. 2014).

### A. The Estates

On July 5, 2019, the court received a waiver of service form for the estate of Elzie Cockerham, signed by special administrator Michael T. Schoendorf on June 21, 2019.[1] Dkt. No. 2. On September 10, 2019, the court received a second waiver of service for the estate of Elzie Cockerham, signed by special administrator Schoendorf on September 3, 2019. Dkt. No. 8. The same day, the

---

[1] The public docket for Elzie Cockerham's probate case reflects that the special administrator is Michael T. Schoendorf. In the Estate of Elzie Cockerham, Case No. 2019PR000843 (Milwaukee County Circuit Court), available at https://wcca.wicourts.gov.

court received a waiver of service for the estate of Daisy Cockerham, executed on September 3, 2019 by special administrator Schoendorf.[2] Dkt. No. 9.

The plaintiff did not provide the court with the order appointing special administrator Schoendorf. Wis. Stat. §867.17 provides that a court may grant a special administrator "the same powers, duties and liabilities as a personal representative, except as expressly limited by the order of the court." Wis. Stat. §857.03(1) grants a personal representative the authority to "contest all claims except claims which the personal representative believes are valid." The court presumes that special administrator Schoendorf had the authority—either by statute or by order of the probate court—to accept or receive service of process on behalf of the estates, and concludes that service on the estates was proper under Fed. R. Civ. P. 4(e)(2)(C).

B.  Jerome Cockerham

On June 20, 2019, counsel for the plaintiff mailed a waiver of summons to Jerome Cockerham at an address on Melvina Street in Milwaukee—an address at which counsel asserted the defendant had lived for at least five years. Dkt. No. 10. The waiver of summons was not returned. Id. The plaintiff asked the U.S. Marshals Service to personally serve the summons and complaint; the USMS made its first attempt on September 23, 2019. Id. There

---

[2] The public docket for Daisy Cockerham's probate case reflects that the special administrator is Michael T. Schoendorf. In the Estate of Daisy Cockerham, Case No. 2019PR000842 (Milwaukee County Circuit Court), available at https://wcca.wicourts.gov.

was no answer, but a neighbor confirmed that the defendant lived at that address. Id. On September 24, 2019, the plaintiff served the defendant's roommate—Dorothy A. Murray (Morrison), age 57. Id. The USMS marked the box on the process receipt and return indicating that Ms. Murray was "a person of suitable age and discretion then residing in defendant's usual place of abode." Id.

It appears that the plaintiff served Jerome Cockerham by leaving the summons and complaint at his place of abode on Melvina Street with his 57-year-old roommate, a person of suitable age and discretion residing at that abode. The court concludes that the plaintiff properly served defendant Jerome Cockerham under Fed. R. Civ. P. 4(e)(2)(B).

**II. Plaintiff's Motion for Default Judgment**

After the entry of default, the plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id.

However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the

4

amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

    A.    <u>Liability</u>

The plaintiff seeks to foreclose on a reverse mortgage between Elzie and Daisy Cockerham and the Department of Housing and Urban Development. Id. at ¶2. The defendants have not contested the substantive allegations of the complaint, so the court takes the allegations of the complaint as true.

The mortgage, attached to the complaint, describes the mortgaged premises as follows:

> Lot 18, in Block 3, in Washington Park No. 2, in the northwest ¼ of Section 8, Township 7 North, Range 22 East, said land being in the City of Milwaukee, County of Milwaukee, State of Wisconsin.

Dkt. No. 1-2 at 2. It states that the address of the property is 704 West Melvina Street, Milwaukee, Wisconsin 53206. Id.

On April 3, 1998, the defendants Elzie and Daisy Cockerham executed and delivered a secured agreement with Norwest Mortgage, Inc., to initiate an "Adjustable Rate Home Equity Conversion Mortgage." Dkt.

5

No. 1 at ¶3-4. That same day, Norwest Mortgage assigned their interest to Wendover Financial Services Corporation. Id. at ¶5. The interest was assigned several more times from Wendover to Lehman Capital, then to Financial Freedom Senior Funding Corporation, then to Financial Freedom Acquisition, LLC, before its final assignment to the Secretary of Housing and Urban Development on October 8, 2009. Id. at ¶6-9. On April 3, 1998, Elzie and Daisy Cockerham had "executed and delivered to the Secretary of Housing and Urban Development a Home Equity Conversion Adjustable Rate Second (Promissory) Note and a second Adjustable Rate Home Equity Conversion Mortgage" to secure the reverse mortgage. Id. at ¶10.

Elzie Cockerham died on April 16, 2005, Daisy Cockerham on September 12, 2011. Id. at ¶11-12. The property was transferred to defendant Jerome Cockerham on June 22, 2017 through an affidavit filed with the Milwaukee County Register of Deeds under Wis. Stat. §867.03. Id. at ¶14, 17. Under §867.03, the transferee "assume(s) a duty to apply the property transferred for the payment of obligations according to priorities." Id. at ¶15, 18. The plaintiff asserts that it not been in contact with nor received payments from Jerome Cockerham since the transfer affidavit was filed. Id. at ¶15, 18. On September 8, 2017, the plaintiff filed an "Application for the Termination of Decedent's Interest and Confirmation of the Applicant's Interest in Property regarding Elzie

Cockerham" with the Milwaukee County Register of Deeds. Id. at ¶16. Because Jerome Cockerham was neither a joint tenant nor the holder of a life estate in the property, see Wis. Stat. §867.045(1), his interests are inferior to that of the Housing and Urban Development. Id. at ¶18.

Default of the property occurred on the date of the death of Daisy Cockerham. Id. at ¶19. Full and immediate payment is due and demanded at default under the terms of the agreement. Id.

B. Damages

The plaintiff gave notice of the federal action on June 6, 2019. Dkt. No. 1.

The plaintiff is due the following sums:

| | |
|---|---|
| Principal Balance | $29,823.83 |
| Accrued Interest to date of judgment | $30,982.71 |
| Service fee (monthly fee) | $ 7,380.00 |
| MIP (insurance) | $ 4,920.14 |

Dkt. No. 16 at ¶13-14; Dkt. No. 16-1 at 1.

| | |
|---|---|
| *Lis Pendens* fees | $    30.00 |
| Special Administrator | $  600.00 |
| Probate Court filing fees | $    40.00 |

Dkt. No. 16 at ¶15; Dkt. No. 16-1 at 1.

> The terms and conditions of the mortgage provides [sic] the plaintiff may pay any taxes, special assessments, or insurance premiums accruing against the mortgaged property that are now due or become due hereafter before a sale of the mortgaged property.

Dkt. No. 16 at ¶17.

> The terms and conditions of the mortgage provides [sic] that plaintiff is entitled to collect all expenses incurred in pursuing the remedies of foreclosure.

Dkt. No. 16 at ¶19.

The court is able to ascertain a sum certain of $60,806.54 owed to the plaintiff as of September 21, 2018 ($29,823.83 in principal balance and $30,982.71 in accrued interest). Dkt. No. 16 at ¶13, 14. It can ascertain accrued costs and fees totaling $12,970.14 ($30 in *lis pendens* fees, $4,920.14 in MIP, a $7,380.00 service fee, $600 for the special administrator, and $40 in probate court filing fees). Id. at ¶13, 15.

### III. Conclusions of Law

The plaintiff has established that as of the date of this order, the defendants owed the plaintiff a total of $73,776.68. The plaintiff is entitled to a lien on the premises for the amount of any payments made for reasonable expenses incurred in pursuing the remedy of foreclosure and may obtain an order directing that the amounts paid, with interest from the date of payment at the legal post-judgment rate, be paid out of the proceeds of a foreclosure sale

### IV. Conclusion

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 15.

The court **ORDERS** that the clerk will enter default judgment in favor of the plaintiff and against the defendant in the amounts of $60,806.54 in principal and interest on the premises, together with interest after the date of judgment at the post-judgment legal rate, and $12,970.14 in additional costs and fees accrued.

8

Case 2:19-cv-00845-PP   Filed 09/08/20   Page 8 of 10   Document 18

The court **ORDERS** that all sums advanced by the plaintiff for taxes, special assessments, insurance, or necessary repairs shall become additional indebtedness secured by the mortgage and may be added to the judgment by order any time after its entry, as well as interest thereon from the date of payment accruing at the legal post-judgment rate.

The court **ORDERS** that the Estate of Elzie Cockerham and the Estate of Daisy Cockerham are **GRANTED** a six (6) month period of redemption from the date when the court enters judgment. Wis. Stats §846.101.

The court **ORDERS** that the defendants and all persons claiming under them subsequent to the filing of the notice of the pendency of this action are forever barred and foreclosed of all right, title, interest, claim and equity of redemption in and to the lands and premises or any part, parcel, or portion thereof.

The court **ORDERS** that the Clerk of Court, upon application by plaintiff, shall issue a writ of assistance if necessary to secure possession of said premises.

The court **ORDERS** that the subject premises shall be sold at public sale and the sale shall be conducted by or under the direction of the United States Marshal for the Eastern District of Wisconsin.

9

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 8th day of September, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**